IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Edward Bray, | ) |
| Plaintiff, | ) |
| v. | ) No.  1:20-cv-3275 |
| NRA Group, LLC, d/b/a National Recovery Agency, a Pennsylvania limited liability company, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Edward Bray, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Edward Bray ("Bray"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Citizens Energy Group.

4. Defendant, NRA Group, LLC, d/b/a National Recovery Agency ("NRA"), is

a Pennsylvania limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, NRA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.   Defendant NRA is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant NRA conducts business in Indiana.

6.   Defendant NRA is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.   On August 13, 2020, Mr. Bray and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Bray, S.D. Ind. Bankr. No. 20-04584-JMC-7A. Among the debts included in his bankruptcy was a debt he allegedly owed to Citizens Energy Group, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8.   Accordingly, on August 19, 2020, Citizens Energy Group was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9.   Plaintiff's bankruptcy is a matter of public record, is in the files of the Creditor, and is readily discoverable by any competent debt collector via one of the

bankruptcy "scrub" services.

10. Nonetheless, Defendant NRA sent Mr. Bray a collection letter/e-mail, dated September 30, 2020, demanding payment of the Citizens Energy Group debt he allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

12. All of Defendant NRA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Subject To A Bankruptcy

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that was subject to a bankruptcy is false

and/or deceptive or misleading, in violation of § 1692e of the FDCPA, <u>see</u>, <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

17.   Defendant NRA's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18.   Plaintiff adopts and realleges ¶¶ 1-13.

19.   Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

20.   Here, the bankruptcy and the notice issued by that court (Exhibit <u>D</u>), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant violated § 1692c(c) of the FDCPA.

21.   Defendant NRA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Edward Bray, prays that this Court:

1.   Find that Defendant NRA's debt collection actions violated the FDCPA;

2.   Enter judgment in favor of Plaintiff Bray, and against Defendant, for actual

and statutory damages;

    3.    Award Plaintiff his costs and reasonable attorneys' fees; and,

    4.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Edward Bray, demands trial by jury.

                          Edward Bray,

                          By:/s/ David J. Philipps___
                          One of Plaintiff's Attorneys

Dated:  December 23, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

5